a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NATHANIEL PAYTON #567251,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-00945<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JAMES LEBLANC ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (ECF No. 42) filed by Defendants James Leblanc, Warden Marcus Myers, Nurse Practitioner Heather Cormier, and Nurse Iris Harmason, seeking dismissal of all claims under 42 U.S.C. § 1983 filed by pro se Plaintiff Nathaniel Payton ("Payton"). Payton is incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He alleges that he was denied constitutionally adequate medical care.

For the reasons that follow, the Motion (ECF No. 42) should be GRANTED.

I. Background

Payton alleges that he was diagnosed with hypothyroidism and a "thyroid tumor, lump, and/or nodule" on August 23, 2022. ECF No. 1 at 3. He asserts that the physician at the University Medical Center Endocrinology Clinic prescribed a double portion of food, medication for hypothyroidism, and a possible biopsy after lab testing. *Id.* Payton was to return to the clinic in three months. *Id.*

However, Payton alleges that he was not provided the double portions when he was returned to RLCC, so he filed an administrative grievance. The response provided by Nurse Harmason indicated that no physician had contacted RLCC, so Payton's diet would be discussed at his next appointment. *Id.* Payton appealed, but relief was again denied. The Secretary replied that the outside physician's recommendation was not approved by the RLCC physician, whose opinion is controlling. *Id.* at 9. Payton complains that this response is inadequate because RLCC has no physician.

Payton also requested that RLCC transfer him to another facility where he can receive treatment. His request was denied.

## II. Law and Analysis

### A. Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *See Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

### B. Payton cannot establish a constitutional violation.

"A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (per curiam) (internal quotation marks and citation omitted). A state actor is deliberately indifferent to a serious medical need or risk of serious harm if he is "actually aware of the risk, yet consciously disregard[s] it." *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). A plaintiff must show that "officials refused to treat him, ignored his complaints, intentionally treated him incorrectly," or otherwise "clearly evince[d] a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation omitted). This "is an extremely high standard to meet." *Id.*

A disagreement with the treatment provided is not sufficient to state a claim for deliberate indifference. *Easter,* 467 F.3d at 464 (citation omitted). In addition, where a claim of deliberate indifference is based on a delay in medical care, the

plaintiff must show that the delay "result[ed] in substantial harm." *Id.* at 463 (quotation omitted).

Here, the summary judgment evidence establishes that Defendants were not deliberately indifferent to Payton's serious medical needs. Rather, his claim amounts to a disagreement with the medical care provided, which is insufficient to establish a constitutional violation.

Dr. Incer, an endocrinologist at University Medical Center in New Orleans, evaluated and treated Payton for hyperthyroidism. ECF No. 42-6 at 4. She was deposed and testified that, on June 8, 2022, Payton's lab test revealed "mild hyperthyroidism." *Id.* Dr. Incer testified that mild hyperthyroidism is a chronic condition that could lead to heart disease or bone loss if left untreated. *Id.* Mild hyperthyroidism is treated through medications, such as methimazole. *Id.*

In July 2022, Payton received an ultrasound of the head and neck, which detected thyroid nodules. ECF No. 42-6 at 5. The radiologist recommended that one nodule be biopsied. *Id.* However, Dr. Incer opined that bloodwork must also be considered to determine whether a biopsy is necessary, and the radiologist did not review bloodwork. *Id.* Payton's weight was 213 pounds, with a BMI of 26 (overweight). ECF No. 42-6 at 7.

Payton was treated again at the endocrinology clinic on November 15, 2022. *Id.* at 6. Dr. Incer conducted a physical exam, and could not feel a thyroid nodule. *Id.* In fact, Dr. Incer determined that Payton was "euthyroid"—meaning that his physical exam did not indicate hyperthyroidism. This physical finding was consistent with

the labs, which indicated only mild hyperthyroidism. *Id.* No medication was prescribed. *Id.* at 7. Dr. Incer recommended a double-portion diet based on Payton's report that he lost 25 pounds in one month. *Id.* However, on November 15, 2022, Payton's weight was 200 pounds, with a BMI of 24 (normal). *Id.* at 7.

In February 2023, Payton's bloodwork still indicated mild hyperthyroidism. *Id.* On March 2, 2023, Dr. Incer prescribed methimazole, which RLCC began to provide. *Id.* at 8. Dr. Incer also recommended that bloodwork be repeated in six weeks or that surgery be performed. *Id.* Payton's weight had dropped to 180 pounds. *Id.* On March 28, 2023, RLCC began to provide Payton double portions. *Id.*

Records from May 2023 reflect that RLCC was continuing to provide Payton with methimazole and double portions at this time. *Id.* Payton's weight was back up to 212 pounds. *Id.* In September 2023, Payton weighted 209 lbs. *Id.* Dr. Incer considered Payton's mild hyperthyroidism stable as of September 2023. *Id.*

Defendant Heather Cormier provided a sworn statement indicating that Payton was overweight from June 2021 until November 2022. When Dr. Incer ordered double portions in August 2022, Payton had reported a 25 pound weight loss in one month. Once Payton's weight declined from 200 lbs. in 2022 to 180 lbs. in 2023, RLCC began to provide double portions. ECF No. 42-7. RLCC provided methimazole when ordered in March 2023. Payton's thyroid levels have remained normal and weight above normal since then. *Id.*

Peyton alleges that he received constitutionally inadequate medical care from August 2022 through the date suit was filed, July 12, 2023. ECF No. 1. The records

establish that Payton received frequent and consistent medical treatment from an endocrinologist for his diagnosed mild hyperthyroidism at all relevant times. There is no genuine issue of material fact regarding the medical care Payton received. The record does not support his claim of deliberate indifference.

To the extent that double portions and treatment were delayed from August 2022 to March 2023, Dr. Incer testified that no major medical problems followed. *Id.* at 10. Therefore, even if Payton could prove that delay occurred and that it constituted deliberate indifference, he does not show that the delay "result[ed] in substantial harm." *Easter*, 467 F.3d at 463. Accordingly, Defendants are entitled to judgment as a matter of law.

### III. Conclusion

Because Defendants are entitled to judgment as a matter of law, IT IS RECOMMENDED that the Motion for Summary Judgment (ECF No. 42) be GRANTED and this civil action DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 28, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE